CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN 30 2023

LAURA A. AUSTIN, CLERK
BY: s/ H. MCDONALD
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| NATALIE A., | ) |
| | ) |
| Plaintiff | ) Civil Action No. 4:21-CV-24 |
| | ) |
| v. | ) |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner | ) |
| of Social Security, | ) By: Michael F. Urbanski |
| | ) Chief United States District Judge |
| Defendant | ) |

## MEMORANDUM OPINION

This social security disability appeal was referred to the Honorable Joel C. Hoppe, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation (R&R) on July 12, 2022, recommending that plaintiff's complaint be dismissed with prejudice as time-barred. ECF No. 15. Plaintiff Natalie A. (Natalie) has filed objections to the R&R and the Commissioner has filed a reply. As discussed more fully below, the court **REJECTS** the R&R; **DENIES** the Commissioner's motion to dismiss; **GRANTS** Natalie's letter motion for an extension of time; and **DEEMS** Natalie's complaint timely filed.

### I. Procedural History

On June 26, 2016, Natalie filed a Title XVI application for supplemental security income, alleging disability based on obesity and narcolepsy. Administrative Law Judge (ALJ) Decision, ECF No. 11-2 at 8, 11. The application was denied initially and on reconsideration and Natalie requested a hearing in front of an ALJ. Id. at 8. A hearing was held on July 3, 2019, and the ALJ issued an unfavorable opinion on September 18, 2019. Id. at 9, 17.

Natalie sought review of the ALJ opinion by the Appeals Council and on February 27, 2021, the Appeals Council denied review. Notice, ECF No. 11-2 at 18. As part of the notice from the Appeals Council, the Social Security Administration (SSA) instructs that a claimant can ask for court review of the ALJ's decision. Id. at 19. The notice further instructs that to seek court review, a claimant can file a civil action in the United States District Court for the judicial district in which she lives and gives additional instructions for filing. Id. Included under the heading, "Time to File a Civil Action," the SSA gives a claimant 60 days to seek court review and the 60-day time frame begins on the day after the claimant receives the notice. Id. at 20. The claimant is assumed to receive the letter 5 days after it was dated. A claimant also may seek additional time to file a complaint in court by making a written request to the Appeals Council and giving reasons she could not file within the 60-day period. Id.

The notice letter was dated February 27, 2021, which was a Saturday. Assuming the letter was mailed on Monday, March 1, 2021, the last day for Natalie to seek court review of the ALJ decision would have been May 5, 2021, which was 65 days after March 1, 2021.

On April 26, 2021, the SSA Office of Appellate Operations received a letter from Natalie dated April 20, 2021. ECF No. 11-2 at 26. The letter was directed to the Appeals Council and stated that Natalie wanted a review of the Administrative Law Judge decision "on the [basis] of race" and "no one has contacted me." She added, "Race should not be the reason I was denied but please review this [and] allow me to be able to speak to the Administrative law judge [who] would not let me speak [during] trial." At the bottom of the letter it was stated, "Court review concerning the claim for Supplemental Insurance Security Income." Id. Natalie did not request additional time to file a complaint in court.

2

On May 17, 2021, Natalie, proceeding pro se, filed a motion for leave to proceed in forma pauperis, a letter motion, and a complaint challenging the ALJ decision. ECF Nos. 1, 2, 3. The letter motion is directed to the Appeals Council and states that Natalie is requesting an "extension to file a civil order." She added that when she received her denial letter in March, she called the number on the letter to get whatever forms were needed and was told that no forms were needed but for her to "just write in use address on letter" and that she did so within the 60-day time frame. She said that she called on May 10, 2021, to check the status and was told that she sent the form to the wrong address, "but page 3 said use address at top of this notice." She requested a Pro Se Handbook and more time to file a civil action. ECF No. 2.

On May 18, 2021, the Clerk issued a summons, and the Commissioner of Social Security filed her appearance on September 20, 2021. That same day, she filed a motion to dismiss Natalie's complaint as time-barred pursuant to Fed. R. Civ. P. 12(b)(6). The Commissioner argued that Natalie had until May 5, 2021, to file her complaint challenging the ALJ's decision but did not file it until twelve days later, on May 17, 2021. ECF No. 11.

The case was referred to the magistrate judge who filed an R&R finding that Natalie filed the complaint twelve days after it was due and recommending that it be dismissed with prejudice as time-barred. ECF No. 15. Natalie has filed objections to the R&R to which the Commissioner responded. ECF Nos. 16, 17.

**II. Objections to Magistrate Judge's Report and Recommendation**

The objection requirement set forth in Rule 72(b) of the Federal Rules of Civil Procedure is designed to "train[ ] the attention of both the district court and the court of

3

appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (citing Thomas v. Arn, 474 U.S. 140, 147–48 (1985)).[1] An objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Id. at 622. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) and Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "The district court is required to review de novo only those portions of the report to which specific objections have been made." Roach v. Gates, 417 F. App'x 313, 314 (4th Cir. 2011) (per curiam). See also Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only 'those portions of the

---

[1] "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b).

4

report or specified proposed findings or recommendations to which objection is made.'") Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012). See also Arn, 474 U.S. at 154 ("[T]he statute does not require the judge to review an issue de novo if no objections are filed. . . .")

In the absence of a specific, proper, and timely filed objection, a court reviews an R&R only for "clear error" and need not give any explanation for adopting the R&R. Carr v. Comm'r of Soc. Sec., No. 3:20-cv-00425-FDW-DSC, 2022 WL 987336, at *2 (W.D.N.C. Mar. 31, 2022) (citing Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) and Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983)). See also Laurie D. v. Saul, No. 1:20-cv-831 (RDB/TCB), 2022 WL 1093265, at *1 (E.D. Va. Apr. 11, 2022) (quoting Lee v. Saul, No. 2:18-cv-214, 2019 WL 3557876, at *1 (E.D. Va. Aug. 5, 2019)) ("In the event a plaintiff's 'objections' merely restate her prior arguments, the Court 'need only review the Report and Recommendation using a 'clear error' standard.'") Thus, in the absence of an objection, a court need "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quoting Fed. R. Civ. P. 72 advisory committee's note).

### III. Discussion

Pursuant to 42 U.S.C. § 405(g), a person may obtain judicial review of an ALJ decision by commencing a civil action within sixty days after the mailing of the notice or within such further time as the Commissioner of Social Security allows. Social Security regulations provide the following:

5

> (c) Time for instituting civil action. Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210. The 65-day filing period is a non-jurisdictional statute of limitations, subject to equitable tolling where appropriate. Bowen v. City of New York, 476 U.S. 467, 479 (1986). Courts are directed to extend the 60-day period only "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgement is inappropriate." Id. at 479, 480. See also Hyatt v. Heckler, 807 F.2d 376, 378 (4th Cir. 1986) overruled on other grounds by Bowen, 479 U.S. at 479 (commenting that tolling of the statute of limitations in a social security case "will rarely be appropriate.")

Equitable tolling may apply in two general categories: "(1) where the plaintiff has actively pursued her judicial remedies within the statutory period by filing a defective pleading, and (2) where agency misconduct tricked or induced the plaintiff into allowing the filing deadline to pass." Reeves v. Colvin, No. 6:12-cv-00027, 2014 WL 2573049, at * 3 (W.D. Va. June 9, 2014) (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Natalie concedes that her complaint was filed late, although she asserts that it was five days late rather than twelve days late. In response to the Commissioner's motion to dismiss, she speculated that her complaint could have been delayed in the mail or "could have set on someone's desk for 5 days" which was out of her control. Resp., ECF No. 14. Natalie also had suggested in

6

her letter motion that she tried to file within the 60-day time frame but was given the wrong address when she was directed to "use address on letter." ECF No. 2.

The magistrate judge noted that the letter from the Appeals Council does not list an address for any federal court, but informed Natalie to file the complaint in the United States District Court for the judicial district in which she lived. The notice also told her she could request more time for filing "at the address shown at the top of this notice," if she had good cause for doing so. The magistrate judge concluded that while Natalie might have misread the instructions, there was no indication that she was tricked by agency misconduct into allowing the deadline to pass.

Regarding Natalie's contention that the letter might have sat on someone's desk for five days, the magistrate judge noted that Natalie signed the complaint on May 10, 2021, and dated her letter motion May 12, 2021. Both documents were placed in an envelope postmarked May 13, 2021, ECF No. 3-2, and were received in the Roanoke Division Clerk's office on May 17, 2021. Even if Natalie had mailed the documents prior to the May 5, 2021, deadline, the action is considered filed upon receipt of the documents in the clerk's office. Wells v. Apfel, 103 F.Supp.2d 893, 896–97 (W.D. Va. 2000). The magistrate judge concluded that Natalie did not present exceptional circumstances that would excuse the late filing of her letter motion or complaint.

Natalie objected to the finding of the magistrate judge and asserts that she was given the wrong address and information. She states that she just wants "a fair administrative law judge that doesn't see color as a reason to deny a case." She also says that she was given the

7

wrong information multiple times since 2009 when she first tried to seek disability. Objections, ECF No. 16.

The court notes that Natalie is proceeding pro se and that a pro se litigant is entitled to some consideration of her non-lawyer status. Crisp v. Allied Interstate Collection Agency, 149 F.Supp.3d 589, 593 (M.D.N.C. 2016). The court further notes that it is possible that Natalie misread the instruction that a request for additional time should be sent to the Appeals Council address "shown at the top of this notice" as also requiring her to send her request for court review to that address.

While it is clear that "[p]rinciples of equitable tolling do not extend to garden variety claims of excusable neglect," Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), equitable tolling may apply where a plaintiff, while acting in good faith, has actively pursued her judicial remedies within the statutory period by filing a defective pleading. Reeves, 2014 WL 2573049, at * 3 (citing Irwin, 498 U.S. at 96); Sirak v. Aiken, No. 3:19cv179, 2019 WL 6689912, at *4 (E.D. Va. Dec. 6, 2019). See also Burnett v. New York Cent. R. Co., 380 U.S. 424 (1965) (tolling statute of limitations where action was timely filed in wrong court); Gray v. Zirfas, No. 4:16-cv-2132-RBH-KDW, 2016 WL 7974109, at *4 (D.S.C. Nov. 22, 2016) ("equitable tolling available where the plaintiff 'has timely asserted his or her rights mistakenly in the wrong forum'") (citing 51 Am. Jur. 2d Limitation of Actions § 154).

Another consideration when determining whether to toll a statute of limitations is whether the defendant has suffered prejudice.

> Statutes of limitations are primarily designed to assure fairness to defendants. Such statutes 'promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has

8

a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.' <u>Order of Railroad Telegraphers v. Railway Express Agency, Inc.</u>, 321 U.S. 342, 348—349, 64 S.Ct. 582, 586, 88 L.Ed. 788.

<u>Burnett</u>, 380 U.S. at 428.

In this case, Natalie attempted to appeal the Commissioner's determination to this court but sent her appeal to the Social Security Office of Appellate Operations and directed her request for court review to the Appeals Council. Natalie eventually filed her request for court review in this court, albeit twelve days after the 60-day limitations period ran. The court finds that because Natalie filed her request for court review before the deadline ran but in the wrong forum; because her request for review was only twelve days late; and because the Commissioner has not shown any prejudice from the late filing, tolling of the statute of limitations is appropriate in this case.

## IV. Conclusion

In accordance with the foregoing, the court hereby **REJECTS** the Report and Recommendation of the magistrate judge, ECF No. 15; **DENIES** the Commissioner's motion to dismiss Natalie's claim as time-barred, ECF No. 9; **GRANTS** Natalie's letter motion for extension of time, ECF No. 2, and **DEEMS** her complaint timely filed.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: January 27, 2023

Michael F. Urbanski
Chief United States District Judge